**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANDREW GLEN BAKER,

        Petitioner,

v.                                  CIVIL NO. 2:18-CV-11782
                                      HONORABLE PAUL D. BORMAN
                                      UNITED STATES DISTRICT COURT

CATHERINE S. BAUMAN,

        Respondent.
_____/

**OPINION AND ORDER (1) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING A CERTIFICATE OF APPEALABILITY**

Andrew Glen Baker, ("Petitioner"), confined at the Saginaw Correctional Facility in Freeland, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by attorney Sheldon Halpern, petitioner challenges his conviction and sentence for first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b. For the reasons stated below, the petition for writ of habeas corpus is **DENIED WITH PREJUDICE.**

**I. BACKGROUND**

On February 24, 2012, petitioner pleaded guilty to first-degree criminal sexual conduct in the Jackson County Circuit Court. In exchange for his plea, the

1

prosecutor agreed to dismiss charges of second-degree criminal sexual conduct and third-degree criminal sexual conduct against petitioner and agreed that petitioner not be sentenced as a second felony offender. On April 12, 2012, petitioner was sentenced to 25 to 50 years in prison, to be served consecutive to another sentence that he received in a prior criminal sexual conduct case.

Although petitioner initially sought to file an appeal from his conviction and sentence, he ultimately agreed to stipulate through his appellate counsel to dismiss his appeal. *People v. Baker,* No. 312405 (Mich.Ct.App. Oct. 3, 2012)(ECF 5-6, Pg ID 614).

Petitioner, through counsel, filed a motion to disqualify his sentencing judge, Judge John McBain, and to seek a re-sentencing. Judge McBain granted the motion to disqualify himself and referred the case to Judge Susan Beebe, who conducted a hearing on petitioner's motion to disqualify and for re-sentencing over several days that spanned a couple of years. On April 25, 2015, Judge Beebe denied the motion for re-sentencing.

Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* which was denied. *People v. Baker*, No. 11-004623-FC (Jackson Cty. Cir. Ct., June 8, 2015). The Michigan appellate courts denied petitioner leave to appeal. *People v. Baker,* No. 330453 (Mich. Ct. App. Mar. 28,

2016); *lv. den.* 500 Mich. 945, 890 N.W.2d 364 (2017).

Petitioner filed a petition for writ of habeas corpus on the following grounds:

I. STRUCTURAL ERROR AND JURISDICTIONAL DEFECT IN PROCEEDINGS INVALIDATED PETITIONER'S SENTENCE WARRANTING A NEW SENTENCING.

II. PETITIONER'S PLEA AGREEMENT WAS INVALID BEING THE RESULT OF INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILURE TO ADVISE ON THE SENTENCING CONSEQUENCES OF HIS PLEA AND IMPACT OF PRIOR CONVICTION.

III. PETITIONER IS ENTITLED TO BE RESENTENCED WHERE HIS SENTENCE WAS THE RESULT OF INACCURATE MATERIAL INFORMATION.

IV. THE FAILURE TO SET THE PLEA ASIDE AND HOLD EVIDENTIARY HEARINGS VIOLATED THE FOURTEENTH AMENDMENT DUE PROCESS PROTECTIONS AND ENTITLES PETITIONER TO AN EVIDENTIARY HEARING IN THIS COURT.

In his reply brief, petitioner agreed that his third claim was procedurally defaulted and agreed to abandon it. (ECF 6, Pg Id 1485). A habeas petitioner can withdraw a claim from a habeas petition as long as he or she does so knowingly, voluntarily, and intelligently. *Daniel v. Palmer*, 719 F. Supp. 2d 817, 828 (E.D. Mich. 2010); *rev'd on other grds sub nom. Daniel v. Curtin*, 499 F. App'x. 400 (6th Cir. 2012). Petitioner shall be allowed to withdraw his third claim.

**II. STANDARD OF REVIEW**

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or

4

incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

**III. DISCUSSION**

**A. Claim # 1. The judicial bias claim.**

Petitioner argues that he is entitled to re-sentencing in front of a different judge because his initial sentencing judge was biased.

Respondent argues that this claim is procedurally defaulted because petitioner raised the claim for the first time in his post-conviction motion for relief from judgment and failed to show cause and prejudice, as required by M.C.R. 6.508(D)(3), for not raising the claim on his direct appeal. Petitioner counters that

5

judicial bias is a structural error that amounts to a jurisdictional defect, which is not subject to the procedural bar contained in M.C.R. 6.508(D)(3).

Petitioner is correct that the "good cause" and "actual prejudice" prerequisites of M.C.R. 6.508(D)(3) need not be satisfied where a defendant properly alleges a jurisdictional defect in a prior proceeding which resulted in a conviction and sentence. *See People v. Carpentier,* 446 Mich. 19, 27; 521 N.W. 2d 195 (1994). Neither petitioner nor respondent, however, have cited to any cases which either support or defeat the notion that judicial bias is a jurisdictional defect within the meaning of M.C.R. 6.508(D)(3). The only case this Court could find is a case in which the Sixth Circuit suggested that a judicial bias claim could be subject to the cause and prejudice requirements of M.C.R. 6.508(D)(3), but declined to procedurally default petitioner on his claim because the state trial court opinion, the last reasoned decision from the state courts, did not rely on the procedural bar contained in 6.508(D)(3) to reject the judicial bias claim, but instead rejected the claim on the merits. *See Gordon v. Lafler*, 710 F. App'x. 654, 657-58 (6th Cir. 2017), *cert. denied*, No. 17-1404, 2019 WL 113079 (U.S. Jan. 7, 2019).

In the present case, regardless of whether or not judicial bias is a jurisdictional defect that would be exempt from the cause and prejudice

requirements of M.C.R. 6.508(D)(3), this Court declines to procedurally default the claim because as with the trial court in *Gordon,* the state court judge here did not rely on M.C.R. 6.508(D)(3) to deny petitioner's judicial bias claim, but instead addressed the merits:

> The Court begins with Defendant's claim of jurisdictional defect. Defendant argues the sentence received was imposed by an impartial (sic) judge, constituting a jurisdictional error. Defendant fails to specify any facts showing Judge McBain was biased. Therefore, Defendant fails on this argument.

*People v. Baker*, No. 11-004623-FC, p. 2 (Jackson Cty. Cir. Ct., June 8, 2015).

The Due Process Clause of the Fourteenth Amendment requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant or an interest in the outcome of the case. See *Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997). However, to state a claim that a judge is biased, a defendant must show either actual bias or the appearance of bias creating a conclusive presumption of actual bias. *United States v. Lowe*, 106 F. 3d 1498, 1504 (6th Cir. 1997). "Under this standard, '[o]nly in the most extreme of cases would disqualification on the basis of bias and prejudice be constitutionally required.'" *Getsy v. Mitchell,* 495 F.3d 295, 311 (6th Cir. 2007)(quoting *Williams v. Anderson*, 460 F.3d 789, 814 (6th Cir. 2006)). A judge is required to recuse himself only where he has actual bias or "a predisposition 'so extreme as to display clear inability to render fair

7

judgment.'" *Johnson v. Bagley*, 544 F. 3d 592, 597 (6th Cir. 2008)(quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994)). In reviewing a judicial bias claim, a federal habeas court should employ the initial presumption that the assigned trial judge properly discharged his official duties. See *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1093 (E.D. Mich. 2004).

Petitioner claims that the original sentencing judge was biased against him because he incorrectly scored Offense Variable 7 of the Michigan Sentencing Guidelines. Petitioner also suggests that Judge McBain exhibited personal bias against petitioner at sentencing when the judge indicated that he did not believe petitioner's version of events, i.e., that the victim consented to have sex with him, but instead chose to believe the victim's allegation that petitioner had coerced her into having sex. (Tr. 4/12/12, pp. 19-20).

The Supreme Court has indicated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky,* 510 U.S. at 555. "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved." *Id.*

Federal courts have numerous times denied habeas relief on a judicial bias claim based solely on allegations that the judge had ruled adversely against the petitioner. *See Mason v. Burton,* 720 F. App'x. 241, 242–43 (6th Cir. 2017)*; cert. denied,* No. 18-5090, 2019 WL 113211 (U.S. Jan. 7, 2019); *Hardaway v. Burt,* No. 16-1666, 2017 WL 2831020, p. 4 (6th Cir. Jan. 18, 2017)*; Cunningham v. Stegall*, 13 F. App'x. 286, 290 (6th Cir. 2001); *Vliet v. Renico*, 193 F. Supp. 2d 1010, 1016 (E.D. Mich. 2002); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

In order to demonstrate that a judge was sufficiently biased to warrant his recusal, a defendant must show that any feeling the sentencing judge had about the case was a result of information from extrajudicial sources rather than the result of information that the judge learned from participation in the case. *See United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990). Petitioner's judicial bias claim fails because: "There is no indication that the judge had personal animosity toward Petitioner, was motivated by improper considerations, or relied upon evidence or factors outside of the record in imposing sentence. Petitioner's disagreement with the sentencing decision is insufficient to establish judicial bias." *Vliet v. Renico*, 193 F. Supp. 2d at 1016. Petitioner is not entitled to relief on his first claim.

**B. Claim # 2. The ineffective assistance of trial counsel claim.**

Petitioner next contends that his guilty plea should be set aside because trial counsel failed to advise him that the judge could order that his sentence in this case be served consecutively to another sentence because petitioner was on bond for that first case when he was charged with this case.

Respondent contends that petitioner's second claim is procedurally defaulted because petitioner raised this claim for the first time in his first post-conviction motion and failed to show cause and prejudice for failing to raise his claim on his direct appeal, as required by M.C.R. 6.508(D)(3).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal

court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.

The Supreme Court noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." This order, however, did not refer to subsection (D)(3) nor did it mention petitioner's failure to raise his second claim on his direct appeal for the Michigan Supreme Court's rationale for rejecting his post-conviction claim. Because the form order citing Rule 6.508(D) is ambiguous as to whether it refers to procedural default or a denial of post-conviction relief on the merits, the order is unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claim. *Id.*

The Michigan Court of Appeals in its order denied petitioner's appeal because petitioner "failed to establish that the trial court erred in denying the motion for relief from judgment." *People v. Baker,* No. 330453 (Mich. Ct. App. Mar. 28, 2016). This order also is an unexplained order that this Court must look through in order to determine whether petitioner's claim is procedurally defaulted.

In the present case, the Jackson County Circuit Court judge, in denying petitioner's post-conviction motion, noted that petitioner was required under

M.C.R. 6.508(D)(3) to show cause and prejudice for failing to raise his ineffective assistance of trial counsel claim earlier on his appeal. The judge further noted that petitioner "failed to state any explanation as to why he did not raise his claims previously." [1] *People v. Baker*, No. 11-004623-FC, p. 2 (Jackson Cty. Cir. Ct., June 8, 2015). The judge further noted that petitioner failed to show that any actual prejudice resulted, as required by M.C.R. 6.508(D)3), nor had he shown his actual innocence, so as to excuse the cause and prejudice requirement of M.C.R. 6.508(D)(3). *Id.*

The trial court judge denied petitioner's second claim on the procedural grounds stated in M.C.R. 6.508(D)(3), thus, petitioner's second claim is clearly procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509 F.3d 284, 292-93 (6th Cir. 2007); *See also Howard v. Bouchard,* 405 F.3d 459, 477 (6th Cir. 2005). The fact that the trial judge may have also discussed the merits of petitioner's claim in addition to invoking the provisions of M.C.R. 6.508(D)(3) to reject petitioner's claim does not alter this analysis. *See Alvarez v. Straub,* 64 F. Supp. 2d 686, 695 (E.D. Mich. 1999). A federal court need not

---

[1] This Court recognizes that petitioner and his appellate counsel had stipulated to dismiss his direct appeal. The cause and prejudice requirements of M.C.R. 6.508(D)(3) apply to a post-conviction claim even where the defendant previously agreed or stipulated to dismiss his direct appeal. *See People v. Pennington*, 240 Mich. App. 188, 190-91, 198, 610 N.W.2d 608, 613 (2000).

reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). Petitioner's second claim is procedurally defaulted.

Petitioner argues in his reply brief that the procedural default should be excused because he had newly discovered evidence that could not have been presented earlier in support of his claim. ECF 6, Pg ID 1484-85.

"[F]ederal law generally limits action taken based on newly discovered evidence to situations where the evidence could not have been discovered sooner through due diligence." *Hodge v. Haeberlin*, 579 F.3d 627, 637 (6th Cir. 2009). Although petitioner claims he did not know at the time of his plea that he could receive a consecutive sentence, petitioner acknowledges that he became aware at the time of sentencing that he received a consecutive sentence. Petitioner therefore knew at the time of sentencing that his counsel failed to advise him that his sentence in this case could be consecutive to his sentence in his earlier case. Petitioner has offered neither the state courts nor this Court any convincing argument why he could not have raised his ineffective assistance of trial counsel claim on a direct appeal. Because petitioner failed to show that he was unaware of

the factual basis for his second claim at the time of his direct appeal, he has failed to establish cause to excuse his default.

Finally, petitioner failed to present any new reliable evidence to support any assertion of innocence which would allow this Court to consider his second claim as a ground for a writ of habeas corpus in spite of the procedural default. Petitioner claims throughout his pleadings that he is innocent of the first-degree criminal sexual conduct charge because the victim consented to have sex with him.

"To show actual innocence in a guilty plea context, a petitioner must show not only that he is innocent of the charge he seeks to attack, he also must show that he is actually innocent of the other charges the government chose to forego during the plea bargaining process." *Howard v. U.S. Dep't of Justice*, 3 F. App'x. 269, 270 (6th Cir. 2001)(citing *Bousley v. United States*, 523 U.S. 614, 624 (1998); *Luster v. United States*, 168 F.3d 913, 915 (6th Cir.1999)). Although consent might be a defense to the first-degree criminal sexual conduct charge, petitioner had also been charged with third-degree criminal sexual conduct, because the victim was fourteen years old at the time of the offense. Petitioner admits that he had sex with the victim when she was fourteen years old. Consent

is not a defense to a third-degree criminal sexual conduct charge involving a minor victim. *See People v. Cash*, 419 Mich. 230, 247–248, 351 N.W.2d 822 (1984). The third-degree criminal sexual conduct charge was dismissed as part of the plea bargain. Because petitioner failed to show that he was innocent of this charge, he failed to establish his innocence to excuse his default.

Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review petitioner's procedurally defaulted claim on the merits. *See Johnson v. Smith*, 219 F. Supp. 2d 871, 882 (E.D. Mich. 2002).

### C. Claim # 4. The post-conviction evidentiary hearing claim.

Petitioner finally argues that his due process rights were violated when the trial court failed to conduct an evidentiary hearing on the ineffective assistance of trial counsel claim that petitioner raised in his motion for relief from judgment.

Petitioner is not entitled to habeas relief on his fourth claim because the issue involved alleged deficiencies with his state post-conviction proceedings. This Court notes that "[t]he Sixth Circuit consistently [has] held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007). Thus, a federal

habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *See Greer v. Mitchell,* 264 F.3d 663, 681 (6th Cir. 2001). The reason for this is that the states have no constitutional obligation to provide post-conviction remedies. *Id.* (citing to *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987)). Challenges to state collateral post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254," because "'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.'" *Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986)(quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not 'result [in] ... release or a reduction in ... time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention.'" *Cress,* 484 F.3d at 853 (*quoting Kirby*, 794 F. 2d at 247). Thus, the "'scope of the writ'" does not encompass a "'second tier of complaints about deficiencies in state post-conviction proceedings.'" *Cress*, 484 F.3d at 853 (*quoting Kirby*, 794 F. 2d at 248). "[T]he writ is not the proper means to challenge collateral matters as opposed to the

underlying state conviction giving rise to the prisoner's incarceration." *Id.* (internal quotations omitted).

The denial of an evidentiary hearing by a state court on post-conviction review does not state a claim upon which habeas relief can be granted. *See e.g. Cornwell v. Bradshaw,* 559 F.3d 398, 411 (6th Cir. 2009). Because petitioner sought an evidentiary hearing with respect to a claim that he raised in his post-conviction motion, the failure by the state courts to grant him an evidentiary hearing on this claim would not entitle him to relief. Moreover, there is no clearly established Supreme Court law which recognizes a constitutional right to a state court evidentiary hearing to develop a claim of ineffective assistance of counsel even on direct appeal. *See Hayes v. Prelesnik,* 193 F. App'x. 577, 584-85 (6th Cir. 2006). Accordingly, the petitioner is not entitled to habeas relief on his fourth claim.

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree

that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d at 885.

## IV. CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: February 11, 2019