UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW GLEN BAKER,

        Petitioner,

                                 CIVIL NO. 2:18-CV-11782

v.                               HONORABLE PAUL D. BORMAN
                                 UNITED STATES DISTRICT COURT

CATHERINE S. BAUMAN,

        Respondent.
_____/

## OPINION AND ORDER DENYING
## THE MOTION FOR RECONSIDERATION

On February 11, 2019, this Court denied the petition for writ of habeas corpus and denied Petitioner a certificate of appealability. Petitioner has now filed a motion for reconsideration. For the reasons stated below, the motion is **DENIED.**

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. In order for a court to grant a motion for reconsideration, the movant must show (1) a palpable defect; (2) that misled the court and the parties; and (3) that correcting the defect will result in a different disposition of the case. *Sigma Financial Corp. v. American Intern. Specialty Lines Ins. Co.,* 200 F. Supp.

1

2d 710, 715 (E.D. Mich. 2002). A 'palpable defect' is a defect which is considered "obvious, clear, unmistakable, manifest, or plain." *Id.* As a general rule, a court will not grant a motion for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. *Id.*

Petitioner in his motion for reconsideration argues that this Court erred in denying his judicial bias claim. Petitioner claims that the original sentencing judge, Judge John McBain, admitted to being biased against petitioner because he granted petitioner's post-sentencing motion to disqualify and recused himself from further proceedings. Judge McBain referred the case to Judge Susan Beebe, who conducted a hearing on petitioner's motion to disqualify and for re-sentencing over several days that spanned a couple of years. On April 25, 2015, Judge Beebe denied the motion for re-sentencing.

In the present case, Judge McBain did not explicitly rule that he was biased against petitioner. Instead, it appears that Judge McBain recused himself from hearing petitioner's motion to disqualify in order to have a neutral judge adjudicate petitioner's motion to disqualify. Judge Beebe after conducting the hearing ruled that petitioner was not entitled to re-sentencing. Judge Beebe also subsequently rejected petitioner's judicial bias claim on post-conviction review, because

petitioner failed to specify any facts showing that Judge McBain was biased. *People v. Baker*, No. 11-004623-FC, p. 2 (Jackson Cty. Cir. Ct., June 8, 2015). This Court, in turn, rejected petitioner's judicial bias claim, because he could only point to adverse rulings by Judge McBain, which are insufficient to establish judicial bias. Even if Judge McBain concluded that he was somehow biased, this Court should not defer to any such pro-petitioner resolution because the Antiterrorism and Effective Death Penalty Act's standard of review is a "precondition to the grant of habeas relief [ ], not an entitlement to it." See *Daniels v. Lafler*, 501 F.3d 735, 740 (6th Cir. 2007). Petitioner failed to show that he is entitled to habeas relief on this claim.

Petitioner's motion for reconsideration will be denied, because he is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied the petition and declined to issue a certificate of appealability. *See Hence v. Smith,* 49 F. Supp. 2d 549, 553 (E.D. Mich. 1999).

A certificate of appealability is required to appeal the denial of a motion for reconsideration in a habeas case. *See e.g. Amr v. U.S.,* 280 F. App'x 480, 486 (6th Cir. 2008). This Court will deny petitioner a certificate of appealability, because jurists of reason would not find this Court's resolution of petitioner's motion for

reconsideration to be debatable.

**IT IS ORDERED** that the motion for reconsideration [Court Docket Entry # 9] is **DENIED.** The Court declines to issue a certificate of appealability.

**SO ORDERED.**

                                                  s/Paul D. Borman
                                                  PAUL D. BORMAN
                                                  UNITED STATES DISTRICT JUDGE

Dated: February 22, 2019